IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| QT TRADING, L.P. <br> Plaintiff, | § § § | |
| v. | § § | C.A. NO. _____ <br> Admiralty Rule 9(h) |
| M/V CIELO DI MONFALCONE, <br> her engines, tackle, boilers, etc. *in rem*, | § § § § | |
| v. | § § | |
| D'AMICO SHIPPING ITALIA SPA, <br> D'AMICO SOCIETA DI <br> NAVAGAZIONE, <br> WESTERN BULK CARRIERS AS, <br> WESTERN BULK CARRIERS GmbH., <br> and WESTERN BULK CARRIERS KS <br> Defendants. | § § § § § § § § | |

## COMPLAINT

1.  Plaintiff, QT Trading, L.P. ("QT") by its attorneys, Hill Rivkins LLP, complaining of the M/V Cielo Di Monfalcone, *in rem* D'Amico Societa Di Navigazione ("DSDN"), D'Amico Shipping Italia Spa, ("DSIS") Western Bulk Carriers KS, ("WBCKS"), Western Bulk Carriers AS ("WBCAS"), and Western Bulk Carriers GmbH ("Western Bulk") (collectively "Defendants"), alleges upon information and belief:

### A.

2.  This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, or is brought pursuant to 9 U.S.C.A. § 8, for preservation of *in rem* security for arbitration.

**B.**

3. At and during all the times hereinafter mentioned, QT was the consignee and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. QT had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4. At and during all the times hereinafter mentioned, DSDN, DSIS, WBCKS, WBCAS, and Western Bulk had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as cargo handlers or stevedores, and/or as common carriers of merchandise by water for hire, which owned, operated, managed, chartered and controlled the above-named vessel which issued in rem security on February 24, 2012 when the vessel was in the Port of Houston.

**D.**

5. On or about December 16, 2011, at the port of Iskenderun, Turkey, the M/V CIELO DI MONFALCONE and defendants DSDN, DSIS, WBCKS, WBCAS, and Western Bulk received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants DSDN, DSIS, WBCKS, WBCAS and Western Bulk accepted and agreed to transport for certain consideration to the Port of Houston, Texas.

**E.**

6. Thereafter, the vessel arrived at the Port of Houston, where the cargo was found short delivered, contaminated by seawater or other aggressive chemical substance, and /or physically damaged, causing monetary damages to Plaintiff as enumerated herein. On information and belief, the vessel and defendants DSDN, DSIS, WBCKS, WBCAS, and Western Bulk breached,

failed and violated their duties and obligations as common carriers and were otherwise at fault. The vessel was made aware of these damages, placed on notice, and threatened with *in rem* seizure and sale during its discharge at the port of Houston, and the vessel offered a "letter of undertaking" as security to prevent its arrest, obligating the vessel to post *in rem* security in this court, which is hereby demanded.

**F.**

7. Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

8. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**H.**

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of THREE HUNDRED EIGHTY-SIX THOUSAND SEVENTY-SIX AND 63/100 DOLLARS ($386,076.63) for which Plaintiff demands recovery from all defendants, jointly and severally.

**J.**

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Wherefore, Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*[signature]*

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
DANIELA OLIVEIRA
SDTX I.D. No.: 1314516
Texas Bar No. 24075837
HILL RIVKINS LLP
55 Waugh Dr., Suite 1200
Houston, Texas 77007
Telephone:    (713) 222-1515
Direct Line:    (713) 457-2287
Facsimile:    (713) 222-1359
E-mail: dmartin@hillrivkins.com
E-mail: doliveira@hillrivkins.com

**ATTORNEYS FOR PLAINTIFF**
**QT TRADING, LP**

## **VERIFICATION**

THE STATE OF TEXAS     *
    *
COUNTY OF HARRIS     *

Dana K. Martin, being duly sworn, deposes and says:

I am an attorney and member of the firm of Hill Rivkins LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Dana K. Martin

Subscribed and sworn to before me, the undersigned authority, this 8th day of February, 2013.

_____
Notary Public, State of Texas
My Commission Expires: 3/26/16

ROSA LANDIN
Notary Public, State of Texas
My Commission Expires
March 26, 2016

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **QT Trading, LP,** was and now is a corporation with an office and place of business at 79 S. Benson Rd., Suite 6, Fairfield, CT 06824

**M/V CIELO DI MONFALCONE** was at all material times a general cargo ship sailing under the Italian flag. The vessel was built in 2002, its call sign is ICCW, and its gross tonnage is 27,839 tons.

Defendant, **D'Amico Societa Di Navigazione** ("DSDN"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Corsa D'Italia 35 B --00198
Roma, Italy

Defendant, **D'Amico Shipping Italia Spa** ("DSIS"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Corsa D'Italia 35 B --00198
Roma, Italy

Defendant, **Western Bulk Carriers KS,** ("WBCKS") was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Karenslyst Alle 8B
P.O. Box 78 Skoyen
N-0212 Oslo, Norway

Defendant, **Western Bulk Carriers AS** ("WBCAS"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which maintains a registered agent in Texas upon whom service may be made, and thus may be served through its registered agent:

Chaffe McCall, LLP (registered agent)
801 Travis Street, Suite 1910
Houston, Texas 77002

Defendant, **Western Bulk Carriers GmbH** ("Western Bulk"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent in Texas upon whom service may be made, and thus may be served through Hague Convention Service, F.R.C.P. 4(k)2, or through the Secretary of State of Texas under Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices:

Valentinskamp 88
20355 Hamburg, Germany

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V Cielo Di Monfalcone |
| Date of Shipment: | December 16, 19, 21 and/or 22, 2011 |
| Port of Shipment: | Iskenderun, Turkey |
| Port of Discharge: | Houston, Texas |
| Shipper: | Tosyali Dis Ticaret A.S. |
| Consignee: | QT Trading, L.P. |
| Description of Shipment: | ERW Steel Pipe, Arc Welded Line Pipe and J55 Casings |
| Nature of Loss or Damage: | Seawater Contamination, short delivery and/or physical damage |
| Amount: | $386,076.63 |